IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION BROOKS, ) | No. C 04-4208 JSW (PR) |
|       Plaintiff, ) | |
|   v. ) | **ORDER OF SERVICE OF AMENDED COMPLAINT AND INSTRUCTIONS TO THE CLERK** |
| JOE MCGRATH, et al., ) | |
|       Defendants. ) | |

Plaintiff, a prisoner of the State of California, currently incarcerated at California State Prison-Corcoran, has filed this civil rights complaint under 42 U.S.C. § 1983 regarding the conditions of his confinement at Pelican Bay State Prison. On February 15, 2005, this Court dismissed Plaintiff's complaint with leave to amend. On May 31, 2005, Plaintiff filed an amended complaint. In this order the Court reviews Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and orders service of the complaint on Defendants Marquez, McGrath and Norgaard.

**STATEMENT OF FACTS**

Plaintiff filed this complaint on October 5, 2004, regarding the conditions of his confinement at Pelican Bay State Prison. Plaintiff complains that Corrections Officer Marquez falsely accused Plaintiff of conspiring to assault staff and ordering inmates to assault other inmates, as leader of a prison disruptive group known as "UBN" and of involvement with an attempted murder at the facility. Plaintiff asserts that he was found not guilty of these charges at a prison disciplinary proceedings and that, notwithstanding an order to remove the information from his Department of Corrections file, the information remains there.

**DISCUSSION**

I    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

II    Legal Claims

Plaintiff was granted leave to amend to allege a due process claim for relief against Defendants. Plaintiff has filed an amended complaint with multiple attachments, including the CDC 128-B authored by Defendant Marquez; a document dated August 20, 2002, authored by Chief Deputy Warden Teresa Schwartz that Warden McGrath upheld an indeterminate SHU classification notwithstanding a CSR recommendation that Plaintiff had an insufficient disciplinary history to merit an indeterminate SHU placement; and a Director's Level Appeal Decision that two CDC 128-B forms should be removed from Plaintiff's file as "retention. . .prejudices the reader." Plaintiff contends that these documents are still in his file, notwithstanding the order to remove them. As such, Plaintiff's allegations are sufficient to proceed with regard to claims against Defendants McGrath, Marquez and Norgaard, whom Plaintiff alleges is responsible for "all matters dealing with the case file at P.B.S.P." *See, e.g., Burnsworth v. Gunderson*,

179 F.3d 771, 773-74 (9th Cir. 1999).

However, with regard to the other named Defendants, Plaintiff complaint fails, as there is no respondeat superior liability under section 1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff's summary assertions that certain Defendants are responsible "for the orderly operation of the facility," "for supervision of subordinate staff" or "for interviewing individuals to cleared Plaintiff from alleged misconduct" are insufficient. Accordingly, liberally construed, Plaintiff's allegations state a cognizable claim against named Defendants McGrath, Marquez and Norgaard.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint (docket no. 12) and all attachments thereto, and a copy of this order upon: **Joe McGrath, Warden, Correctional Lieutenant R. Marquez and C.C.II M. Norgaard of Pelican Bay State Prison.** The Clerk shall also serve a copy of this order on Plaintiff. The Clerk shall terminate all other Defendants from this action.

2. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than **sixty (60) days** from the date of this order, Defendants shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that they are of the opinion that this matter cannot be resolved by dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. All papers filed with the Court shall be promptly served on the Plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to

Plaintiff:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

  c. Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

  d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

 3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

 4. Extensions of time are not favored, though reasonable extensions will be

granted.  However, the party making the motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time.  The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is received.  Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

5. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel and must include the proper case number in this matter: Case No. C 04-4208 JSW (PR).  Plaintiff's failure to include the docket number has resulted in the Clerk's office opening multiple cases all addressing the same claim.

6. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: May 1, 2006

JEFFREY S. WHITE  
United States District Judge