IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DION BROOKS, | ) | No. C 04-4208 JSW (PR) |
| Plaintiff, | ) ) | **ORDER RESOLVING PENDING MOTIONS, SETTING MOTION SCHEDULE AND INSTRUCTIONS TO THE CLERK** |
| v. | ) ) | |
| JOE MCGRATH, et al., | ) ) | (Docket Nos. 26, 27) |
| Defendants. | ) ) | |

Plaintiff, a prisoner of the State of California, filed this civil rights complaint under 42 U.S.C. § 1983 regarding the conditions of his confinement at Pelican Bay State Prison ("PBSP"). On May 1, 2006, this Court ordered service of the amended complaint on Defendants Marquez, McGrath and Norgaard (docket no. 15).[1] Thereafter, on August 28, 2006, Defendants filed a motion seeking to refer this case for mediation to the Pelican Bay Mediation Program, which was granted (docket no. 25).

After Defendant's motion seeking referral to the mediation program was granted, Plaintiff filed a motion on February 6, 2007 seeking appointment of counsel during the settlement conference (docket no. 26). Thereafter, the Court received a request from Defendants' counsel on February 14, 2007 to re-set the briefing schedule in this case as the parties were unable to resolve the case at the settlement conference (docket no. 27)

---

[1] Since the Court's order of service, the U.S. Marshal's office has notified the Court that they were unable to serve Defendant McGrath at the address provided by Plaintiff, due to his retirement. *See,* docket no. 16.

and a notification from Magistrate Judge Vadas that the case had not been settled (docket no. 28). As such, Plaintiff's motion for counsel during the settlement conference is DENIED as moot (docket no. 26) and Defendants' motion to re-set a briefing schedule in this case is GRANTED (docket no. 27). The Court's earlier briefing schedule, set on May 1, 2006 (docket no. 15), is reinstated. As such, the Court orders as follows:

1. No later than **sixty (60) days** from the date of this order, Defendants shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that they are of the opinion that this matter cannot be resolved by dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. All papers filed with the Court shall be promptly served on the Plaintiff.

2. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to Plaintiff:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

|   |   |
|---|---|
| 1 | *Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (en banc). |
| 2 | Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and |
| 3 | *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) (holding party opposing summary |
| 4 | judgment must come forward with evidence showing triable issues of material fact on |
| 5 | every essential element of his claim). |
| 6 | 3. Defendants shall file a reply brief no later than **fifteen (15) days** after |
| 7 | Plaintiff's opposition is filed. |
| 8 | 4. The motion shall be deemed submitted as of the date the reply brief is due. No |
| 9 | hearing will be held on the motion unless the Court so orders at a later date. |
| 10 | 5. As to Defendant McGrath, who has apparently retired, the Clerk shall mail an |
| 11 | address inquiry letter to: Staff Attorney, Legal Affairs Division, California Department |
| 12 | of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. The |
| 13 | letter shall ask for a forwarding address for Defendant McGrath to be provided to the |
| 14 | Court under seal so that the Court can then order the U.S. Marshal to make a further |
| 15 | attempt to serve the complaint on Defendant McGrath. |
| 16 | IT IS SO ORDERED. |
| 17 | DATED: May 3, 2007 |
| 18 | *Jeffrey S. White* |
| 19 | JEFFREY S. WHITE<br>United States District Judge |